IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ROBERT LINDSEY GREENE,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-712-Y |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Robert Lindsey Greene, TDCJ # 1455388, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently housed at the Lynaugh Unit in Ft. Stockton, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In June 2006 Greene was charged in a multicount indictment with possession of child

pornography in Tarrant County, Texas. (State Habeas R. at 152) The child pornography was discovered on Greene's work computer and was visually witnessed by officers at the Crowley Police Department. (*Id.* at 128-36) Prior to his guilty plea in this case, Greene was charged and convicted of sexual assault of a child and indecency with a child in Hood County, Texas. The Hood County District Attorney presented most of the state's evidence from this case in the punishment phase of their case against Greene. On August 17, 2007, Greene entered a negotiated plea of guilty to one count of possession of child pornography, and, in accordance with the plea bargain agreement, was sentenced by the trial court to five years' confinement, the sentence to run concurrently with sentences rendered in Hood County. (*Id.* at 159) Greene waived his right to appeal but filed a state application for writ of habeas corpus, raising the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Greene*, Application No. WR-70,678-01, at cover. This federal petition for writ of habeas corpus followed.

### D. ISSUES

Greene claims he received ineffective assistance of trial counsel, his plea was not knowing and voluntary because it was obtained by the use of coercion, the evidence was tainted and false in violation of his due process rights, the state tampered with evidence, and he is actually innocent. (Petition at 7-8)

### E. RULE 5 STATEMENT

Quarterman believes that Greene has sufficiently exhausted his state remedies on the claims presented as required by 28 U.S.C. § 2254(b) and (c). (Resp't Answer at 3)

### F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2. Ineffective Assistance

Greene claims he received ineffective assistance of trial counsel because counsel became

3

aware of evidence that would exonerate him but chose not to put it to adversarial testing. Greene asserts that so-called exculpatory evidence that two, instead of one, hard drives were tested and that he was on vacation on certain relevant dates the pornographic images were viewed and downloaded would have exonerated him had counsel pursued the defense on his behalf. Greene also claims counsel ignored his wish to go to trial, coerced him into pleading guilty by telling him and his wife that he had a "hanging judge," would receive stacked sentences, and would go to prison for life, and advised him to take a plea bargain notwithstanding the fact that he is innocent. (Petition at 7)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). We defer to the state court's determination of a claim unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Assuming Greene's assertion that he would have gone to trial but for counsel's actions to be true, we must determine whether counsel's representation fell below an objective standard of reasonableness in his case. In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's

4

performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690.

Once a guilty plea has been entered by a criminal defendant, all nonjurisdictional defects in the proceedings preceding the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). Therefore, to the extent Greene complains trial counsel failed to put his defense as to hard drive size and dates viewed to adversarial testing, a matter unrelated to the voluntariness of his plea, the claim is nonjurisdictional and is waived by the plea. *See United States v. Broce*, 488 U.S. 563, 573-74 (1989).

Further, the record in this case does not demonstrate that Allen's guilty plea was in any way induced by coercion or misrepresentation on the part of his trial counsel. The state trial court entered factual findings refuting the allegations and determined that, absent an evidentiary basis, Greene had not overcome the presumption that his plea was freely, voluntarily, and knowingly entered. (State Habeas R. at 128-36) Greene makes no specific reference to the state court's findings and makes no effort to rebut the presumptive correctness of the findings. *See* 28 U.S.C. § 2254(d)(1); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). The documentary record supports the state courts' determination of the issue.

A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute

5


bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The record of the plea proceedings does not support Greene's assertion that his plea was rendered involuntary as a result of coercion or threats on the part of counsel. The documentary record reflects that Greene entered his guilty plea in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offense. (State Habeas R. at 154-58) Greene executed the written plea admonishments in which he acknowledged that he understood the written plea admonishments, that he was aware of the consequences of his plea, that his plea was knowingly, freely, and voluntarily entered, that no one threatened, coerced, forced, persuaded or promised him anything in exchange for his plea, that he was "totally satisfied" with the representation received from counsel and that counsel provided "fully effective and competent representation," and he judicially confessed to committing the offense as charged in the indictment. *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Then and now, Greene offers nothing more than his unsubstantiated allegations concerning counsel's influence on his decision to plead guilty. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Greene's claim of coercion after the fact, in and of itself, is insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records.

*See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same). Counsel's obligation is to inform a criminal defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo. *Libretti v. United States*, 516 U.S. 29, 50-51 (1995). Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially harsher sentence by a judge or jury. Such a decision on the part of a defendant does not render counsel's representation deficient or a plea involuntary. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *Brady v. United States*, 397 U.S. 742, 749-50 (1970).

### 3. Due Process

Greene claims that he is actually innocent and that the state tampered with evidence as to the number and size of the hard drives tested and the dates images were viewed and downloaded on the computer and did not follow the chain of custody, in violation of constitutional due process. The state trial court entered findings refuting these allegations as well. More specifically, the court found that all reports confirm that the hard drive analyzed had the same serial number regardless of the alleged size and was the same hard drive assigned to and confiscated from Greene's computer and subjected to the chain of custody. (State Habeas R. at 136) The court further found that the child pornography, listed under Greene's password-protected profile, was only viewed on days Greene worked and when the computer was analyzed. (*Id.* at 132)

Assuming these factual findings to be true, Greene's claims fail on the merits. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his petition, unsubstantiated by the record, to be of probative evidentiary value. *See Ross,*

694 F.2d at 1011-12. Regardless, a claim of actual innocence due to insufficient or unreliable evidence is not independently cognizable on federal habeas review, absent some constitutional violation. *See Herrera v. Collins*, 954 F.2d 1029, 1034 (5th Cir. 1992). Furthermore, Greene's arguments were known by him before entering his guilty plea and could have been addressed on direct appeal had he gone to trial and been convicted. Instead, Greene knowingly and voluntarily waived his right to appeal. Habeas petitioners cannot challenge the sufficiency of the evidence after entering a guilty plea. *See Smith v. McCotter,* 786 F.2d 697, 703 (5th Cir. 1986). A person who pleads guilty waives the right to challenge the sufficiency and reliability of the evidence, because the guilty plea itself stands as evidence against the petitioner. *See Kelley v. Alabama,* 636 F.2d 1082, 1083 (5th Cir. 1981). By entering a guilty plea, a petitioner waives his right to demand any constitutionally sufficient evidence to sustain his conviction. *See United States v. Broce,* 488 U.S. 563, 569 (1989).

The record supports the state court's determination of the issues presented in this federal proceeding. The decision is not contrary to or involve an unreasonable application of federal law in light of the record as a whole. Accordingly, it is entitled to deference and the presumption of correctness.

## II.  RECOMMENDATION

Greene's petition for writ of habeas corpus should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 27, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 27, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 6, 2009.

    /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE